**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SUSAN E. BRITTING,

     Plaintiffs,

          v.

ERIK K. SHINESKI, Secretary,
Department of Veterans Affairs,

     Defendants.

CIVIL ACTION No. 1:08-CV-1747

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Reconsideration of this Court's February 5, 2010 Memorandum and Order. For the reasons discussed more fully below, Plaintiff's motion will be denied.

## BACKGROUND

This Court authored an in-depth factual background section in its Order of February 5, 2010. The Court will not belabor the factual circumstances that gave rise to the instant suit and will focus on the procedural history.

On November 14, 2007, Britting filed an appeal with the United States Merit Systems Protection Board ("the Board") challenging her fifteen (15) workday suspension. (Admin. Rec. 0350). On December 24, 2007, Britting filed an appeal with the Board challenging her removal from her position with the department of veterans affairs ("the VA"). (Admin. Rec. 0350-0351). Britting claimed that her suspension was improper because she was discriminated against due to her alleged disability (*i.e.*, irritable bowel syndrome), and because the penalty imposed was unduly harsh. (Admin. Rec. 0351). Britting also argued that her removal was inappropriate because the VA did not consider her IBS as a "mitigating

factor" and retaliated against her for appealing her suspension to the Board. (Admin. Rec. 0351).

These appeals were joined. (Admin. Rec. 0351). A hearing was held for these appeals on March 27 and 28, 2008. (Admin. Rec. 0351). On April 28, 2008, Administrative Law Judge ("ALJ") Lystra Harris entered an initial decision affirming both of the VA's actions. (Admin. Rec. 0351). A final order was entered by the Board on August, 21, 2008, denying a petition to review the ALJ's decision, and declaring the ALJ's initial decision as final. (Doc. 1, Ex. B.)

On September 19, 2008, Plaintiff filed a Complaint, alleging violations of the Rehabilitation Act for suspending her and removing her because of her disability, and failing to provide reasonable accommodations (Count I). (Compl. ¶¶ 39-40). Plaintiff also sought to have the ALJ's decision overturned because it was error to find that the VA met its burden of proving grounds for removal, and that the VA had properly applied the *Douglas* factors when imposing the suspension. (*Id*. at ¶¶ 46-47.)

On September 25, 2009, Defendant filed a Motion for Summary Judgment. This Court granted Defendant's motion on February 5, 2010. Plaintiff filed the instant Motion for Reconsideration February 18, 2010. The motion has been fully briefed and ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct

2

manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Plaintiff's Motion for Reconsideration does not argue that there has been a change in intervening law or newly discovered facts that were not previously available. Instead, Plaintiff's arguments rely on this Court having committed a clear error of law. Each of Plaintiff's arguments will be considered in turn.

### A.    ADA Amendments Act of 2008

Plaintiff argues that this Court committed a clear error of law in holding that the 2008

ADA Amendments do not apply retroactively. Plaintiff contends that she is seeking prospective relief, and therefore the 2008 ADA Amendments should apply. As this Court noted, every court to have addressed the issue has decided that the ADA Amendments cannot be applied retroactively to conduct that preceded the amendments' effective date. *Supinski v. United Parcel Service, Inc.*, No 3:06-cv-0793, 2009 WL 113796, at *5 n.6 (M.D. Pa. Jan. 16, 2009) (citations omitted).

In this case, the conduct clearly preceded the effective dates of the amendments to the ADA. As such, the law is clear that the amendments cannot be applied retroactively, regardless of the relief sought by Plaintiff. Therefore, the Court did not commit a clear of error of law in holding that the 2008 ADA Amendments do not apply retroactively.

**B.      Irritable Bowel Syndrome as a Disability**

Plaintiff further argues that this Court committed a clear error of law in holding that her IBS did not qualify as a disability under the ADA. As support, Plaintiff cites *Fiscus v. Wal-Mart Stores, Inc.*, 385 F.3d 378 (3d Cir. 2004). In that case, the plaintiff was diagnosed with kidney disease that resulted in near total renal failure and ultimately required dialysis and a kidney transplant. *Fiscus*, 385 F.2d at 380-81.

Clearly, Plaintiff's case is easily distinguishable from *Fiscus* because they concern completely different conditions, affected different body parts and required different treatments. Instead, this Court sought to determine whether our sister circuits considered IBS to be a disability under the ADA. The Court relied on *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 868 (2d Cir. 1998), and determined that Plaintiff's case more closely resembled the plaintiff in *Ryan*. In *Ryan*, the Second Circuit Court of Appeals held that the plaintiff's

colitis did not substantially limit her in any major life activities. 135 F.3d at 870-81. Likewise, this Court held that Plaintiff's IBS did not substantially limit her ability to engage in the major life activities of concentration and waste elimination.

Plaintiff's brief does not establish why this Court's reliance on *Ryan* was misplaced and does not provide any Third Circuit precedent that is more on point that *Ryan*. Therefore, it was not a clear error of law to hold that Plaintiff's condition did not rise to the level of a disability protected by the ADA.

### C.      Merit Boards Decision

The Plaintiff contends that this Court committed clear error by holding that the Merit Systems Protection Board's decision to uphold the penalties levied against Plaintiff was supported by substantial evidence. Plaintiff simply recites the facts of the case in support of her argument. This Court has already read and considered the record in this case and is intimately familiar with the facts and the evidence relied on by the Board in making its decision. As noted above, motions for reconsideration are not a vehicle to re-litigate matters already argued and disposed simply because a party disagrees with the court. This is precisely what Plaintiff is attempting here. This Court considered the evidence and found that the Board relied on substantial evidence in the record in making its decision.

### CONCLUSION

For the reasons detailed above, the Court will deny Plaintiff's Motion for Reconsideration. An appropriate order follows.

 March 30, 2010                                          /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SUSAN E. BRITTING,

     Plaintiffs,

        v.

ERIK K. SHINESKI, Secretary,
Department of Veterans Affairs,

     Defendants.

CIVIL ACTION No. 1:08-CV-1747

(JUDGE CAPUTO)

## ORDER

Now, this 30th day of March, 2010, it is **HEREBY ORDERED** that Plaintiff's

Motion for Reconsideration (Doc. 42) is **DENIED**.

 

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge